Curia per
Colcock.
It is agreed on all hands, that in the first clause of. the will, the negroes Sally and Harriet, are given absolutely to the wife ; but on the part of the defendant, it is contended that the words of the gift are controlled by those used in the second clause, which restrict the gift therein to the term of her natural life ; and also by the use of the words, “ the whole of his estate,” (in the last clause,) which he directs to be equally divided between his son and daughter after the decease of his wife; and the argument is, that the words in the second clause, “ revert after her decease to my estate,” must re-, strict the gift in the first clause to a life estate ; first, be-, cause the two clauses are to be read as one, being connect *63 led by the word “ also;” and secondly, because the restriction in the second clause cannot operate on the subject of the bequest therein given, which is “ one third of his income,” and, consequently must relate to something else which has gone before; that could not operate on income because it is exhausted in the use and cannot revert; but he must have intended that the negroes should revert after the death of his wife; and in support of this, the case of Cole and Rawlinston, Salk. R. 234, and the case of Leek and Bennett, 1 Atkins 470, are relied on. But both these views of the case are susceptible of a conclusive answer. As to the first, the two clauses in this will are not connected. They are distinct in their construction, and the testator makes a full stop at the end of the first sentence. It is complete in itself, and the word “ also” not being a conjunction cannot join them. It is an adverb and applies to the act of giving, and not to the limitations of the gift as if he had said, I likewise give. Now in the case of Cole and Rawlinson, the testator gave both his unexpired term and his house in one sentence, which appears to be the natural course which would be pursued by one intending a restriction or limitation to operate on two things, given in the same will. So in the case of Leek and Bennett, the testator gives his house in Greenwich with all the household furniture; and so in the cases therein referred to, of a man who devised Blackacre to one in tail and also white acre; it was held that the devisee took white acre in tail; but both were devises in one clause. And so in some other cases, where from the nature of the articles they are connected — ejusdem gene-ris as the Chancellor expresses it. As to the second view, although the income (mentioned in the second clause,) is not a subject on which the words of restriction could operate, yet if we look into the will, even into the next clause, we shall clearly perceive that the testator did not *64 mean “ income” in its literal sense, but meant the property from which the income should be received; for he gives to his son a third of his income to him and his heirs. It would have been as absurd to give the heirs that which might be spent by the father, as to require that which might be spent by the widow to revert after her death. And so in the third clause he gives to his daughter one third of his income during her natural life, and then to descend to her heirs lawfully begotten. But the strong ground relied on, is that the words of the last clause directing his whole estate to be divided at the death of his wife, shews that he only intended her to take a life estate in the the negroes; for the word estate embraces the two negroes as well as the rest of his property. Now it is admitted that the word estate will cover all a man possesses both real and personal, and consequently is large enough to embrace the negroes given in the first clause. But the question reverts, did the testator so intend. If the latter clause could not stand in perfect accordance with the first, without making the word “estate” embrace the negroes, the rule clearly is that such construction must be given, for a meaning must be given to all parts of the will, if possible. But there is no necessity for this, for all his estate means all that he had not absolutely disposed of in the previous part of his will, and there was enough on which this word could operate. In the second clause, he, for the first time, speaks of his estate, and at that moment he had given the two negroes. They were no longer considered by him as part of his estate which he was about to dispose of during the life of his wife, and which he intended should be divided after her death.— But what is conclusive on the subject is, that the testator knew very well how to create the limitations when he intended to do so; and there is therefore no necessity to seek for his intentions : it would be a violation of one of *65 the plainest and most forcible rules of cbnstrubtion, never to alter or control that which in itself is clear by that which is doubtful, 3 Atkins 525- The judgment is reversed, and must be entered for the plaintiff.

Judgment Reversed.